**HOUSTON NORTHWEST MEDICAL CENTER SURVIVOR, INC., Appellant,**

**v.**

**Betty McInturff KING, Appellee.**

**No. 01–89–00351–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

March 29, 1990.

Roy Murphy, III, Houston, for appellant.
Gail Magers, Houston, for appellee.

Before SAM BASS, DUNN and O'CONNOR, JJ.

OPINION

O'CONNOR, Justice.

This is a suit for wrongful discharge under the Workers' Compensation Act. Houston Northwest Medical Center Survivor, Inc., defendant (Houston Northwest), appeals from a judgment entered on a jury verdict that awarded Betty McInturff King, plaintiff (King), $20,000 in exemplary damages. Houston Northwest, which prosecutes the appeal without a statement of facts, presents two points of error. We reverse.

In 1983, King filed suit against Houston Northwest for actual and exemplary damages, alleging wrongful discharge or discrimination in violation of sections (1) and (2) of article 8307c of the Workers' Compensation Act (the Act).[1] Section 1 of article 8307c prohibits an employer from dis-

charging an employee for filing a workers' compensation claim.[2] Section 2 of article 8307c provides that, in a suit for wrongful discharge under section (1), a plaintiff is entitled to "reasonable damages."[3] The Texas Supreme Court has interpreted the phrase "reasonable damages" in section 2 to embrace both actual and exemplary damages. *Azar Nut Co. v. Caille*, 734 S.W.2d 667, 669 (Tex.1987).

At the conclusion of the evidence, the court submitted the following jury questions:

NUMBER 3: Do you find from a preponderance of the evidence that Houston Northwest Medical Center Survivor, Inc. between June 10, 1981 and September 21, 1983 violated Article 8307(c), Section I with respect to Betty King?
ANSWER: No
If you have answered Special Issue No. 3 "Yes" and only in that event, then answer Special Issue No. 4.
NUMBER 4: What sum, if any, if paid now in cash, do you find from a preponderance of the evidence would reasonably and adequately compensate Betty King for damages, if any, sustained as a result of the wrongful discharge or discrimination, if any, by Houston Northwest Medical Center Survivor, Inc.?
ANSWER: (No answer)
(No limiting instructions were given here.)
NUMBER 5: Do you find from a preponderance of the evidence that Houston Northwest Medical Center Survivor, Inc. acted willfully and maliciously in discharging or in any other manner discriminated against Betty King?
ANSWER: Yes
If you have answered Special Issue No. 5 "Yes" and only in that event, then answer Special Issue No. 6.

1. Tex Rev.Civ.Stat.Ann. art. 8307c (1) & (2) (Vernon Pamph.1990). All references to articles 8306 or 8307c are to the Act.

2. Section (1) of article 8307c states:
No person may discharge or in any other manner discriminate against any employee because the employee has in good faith filed a [workers' compensation] claim;

3. Section (2) of article 8307c states:
A person who violates any provision of Section 1 of this Act shall be liable for reasonable damages suffered by an employee as a result of the violation, and an employee discharged in violation of the Act shall be entitled to be reinstated to his former position. The burden of proof shall be upon the employee.

NUMBER 6: What sum of money, if any, should be awarded against Houston Northwest Medical Center Survivor, Inc. as exemplary damages, if any?
ANSWER: $20,000

The trial court rendered judgment for King for $20,000 in exemplary damages.

## I. The absence of actual damages

In its first point of error, Houston Northwest claims the trial court erred in awarding exemplary damages to King in the absence of actual damages. Houston Northwest cites *Fort Worth Elevators Co. v. Russell*, 123 Tex. 128, 150, 70 S.W.2d 397, 409 (1934), for the proposition that there can be no exemplary damages without actual damages.

■ In response to Houston Northwest's point, King points out that the supreme court rejected the *Fort Worth Elevators* rule in a workers' compensation case, as "archaic and unnecessary." *Wright v. Gifford–Hill & Co.*, 725 S.W.2d 712, 714 (Tex. 1987). In *Wright*, the claimant sued her deceased husband's employer for gross negligence under article 8306, § 5. The supreme court said:

> The plaintiff in a workers' compensation case cannot recover actual damages [under art. 8306 § 5]. Consequently, the questions of ordinary negligence and actual damages are not involved in an action to recover exemplary damages *for the death of an employee* covered by workers' compensation insurance. (Citation omitted.) Therefore, it is a waste of the jury's time and efforts to require a finding of an amount of actual damages. In the interest of judicial economy, we disapprove that portion of *Fort Worth Elevators*, (citation omitted) which states that a plaintiff must secure a jury finding as to the amount of actual damages in a wrongful death case arising under Tex.Rev.Civ.Stat.Ann. art. 8306 § 5.

*Wright*, 725 S.W.2d at 714. (Emphasis added). The *Wright* case holds that a plaintiff in a workers' compensation case who *cannot prove actual damages* by the very nature of the suit, is not required to prove actual damages in order to recover exemplary damages. A plaintiff who brings suit under article 8306 cannot sue for ordinary negligence and cannot recover for actual damages. Such a plaintiff can sue only for gross negligence and can recover only exemplary damages. *Castleberry v. Goolsby Bldg. Corp.*, 617 S.W.2d 665, 666 (Tex.1981).

*Wright* does not help the plaintiff in this case. First, the plaintiff in *Wright* sued the employer for the death of her husband under article 8306, § 5. Here, King sued Houston Northwest for wrongful discharge under article 8307c, not death under 8306, § 5. The difference between the two causes of action is significant.

In a suit for the death of an employee under article 8306, § 5 of the Act, the employer is exempt from liability for actual damages.[4] *Wright*, 725 S.W.2d at 714. Under that article, the employer is liable only for exemplary damages if the plaintiff can prove gross negligence. *Id.*

■ In a suit for wrongful discharge under article 8307c of the Act, the employer is *not* exempt from liability for actual damages. *See Azar Nut Co.*, 734 S.W.2d at 668. Under that article, the employer is liable for *both* actual and exemplary damages if plaintiff can prove violation of the section and willful and malicious conduct. *Id.*

In *Wright*, the defendant was not responsible for actual damages arising out of ordinary negligence. 725 S.W.2d at 714. *Wright*, therefore, does not apply.[5]

■ We hold that in a suit for wrongful discharge under the article 8307c, a plain-

4. Section 5 provides that the appropriate heirs can bring suit against an employer for a worker "whose death is occasioned by homicide from the wilful [sic] act or omission or gross negligence."

5. We note that, effective six months after the court issued *Wright*, the legislature added chapter 41, "Exemplary Damages," to the Civil Practice and Remedies Code. Tex.Civ.Prac. & Rem. Code Ann. art. 41.002(b)(3) (Vernon Supp.1990). Chapter 41, however, does not apply to workers' compensation cases.

tiff must recover actual damages before she is entitled to recover exemplary damages.

We sustain Houston Northwest's first point of error.

II. Immaterial issues

In its second point of error, Houston Northwest argues that special issues 5 and 6 were immaterial and of no legal significance, because there was no finding of liability in special issue 3.

We have decided that in a wrongful discharge case, recovery of actual damages must precede exemplary damages. Special issues 5 and 6 would have been material only if questions 3 and 4 had been answered affirmatively. Because the jury in this case did not find liability under article 8307c and actual damages, jury questions 5 and 6 are of no legal significance. We sustain Houston Northwest's second point of error.

We reverse and render judgment for Houston Northwest.