James Wesley WHITE, Appellant,

v.

Daniel SULLINS and Treva
Sullins, Appellees.

No. 09–94–353 CV.

Court of Appeals of Texas,
Beaumont.

Submitted Sept. 21, 1995.

Decided March 14, 1996.

Rehearing Overruled April 12, 1996.

Marc Henry, Lewis & Henry, Beaumont, for appellant.

Brent W. Coon, Provost & Umphrey, Beaumont, for appellee.

Before WALKER, C.J., and BURGESS and FARRIS, JJ.

## OPINION

DAVID FARRIS, Justice [1].

This is a personal injury case in which a police officer, standing outside his patrol car, was struck by an intoxicated, hit and run driver. A jury found the driver, James Wesley White, negligent and awarded the plaintiffs, Daniel Sullins and his wife, actual and exemplary damages. On appeal White raises four points of error complaining the trial court erred in denying him both a comparative negligence submission, and a trial amendment raising comparative negligence, and there was no evidence or insufficient evidence to support either the jury's finding of gross negligence or its awards of actual and exemplary damages. We overrule all of White's points of error because he had not pleaded comparative negligence, the trial court acted within its discretion in denying a trial amendment, and the evidence was legally and factually sufficient to support the verdict.

At about 1:30 a.m. on June 27, 1992, Officer Sullins was patrolling for the City of Lumberton when he stopped to inquire about a pedestrian he saw walking along U.S. 96. Another Lumberton police officer, Gary Spencer, heard Sullins's radio call and went to Sullins's location to check on him. Spencer saw Sullins's patrol car, with its driving lights and emergency lights burning, ahead of him, and Sullins standing in front of his patrol car talking to the pedestrian. Sullins had parked his patrol car partially on the road's shoulder and partially on a driveway which entered Highway 96. Spencer turned around and slowly drove back past Sullins, intending to turn again and pull in behind Sullins's car. At that point he saw White drive past Sullins's car and heard glass breaking followed by a thud and the scream of someone in pain. Damage to both cars revealed White had sideswiped the patrol car before hitting Sullins. As White drove away Spencer saw Sullins lying on the road. After checking on Sullins, and getting no response, Spencer chased down White and arrested him. An hour after the accident White was

tested and found to have a blood alcohol level of .24 percent.

In his first two points White complains the trial court erred in refusing to submit Sullins's comparative negligence and to permit him to file a trial amendment alleging that defense. White contends he was entitled to amend and to a comparative submission because the issue had been tried by implied consent, TEX.R.CIV.P. 67, and because plaintiffs had not demonstrated they were surprised or prejudiced by the amendment. TEX.R.CIV.P. 66. We reject both contentions because it does not clearly appear from the record Sullins's comparative negligence was tried by consent, and the trial court acted within its discretion in denying a trial amendment which would have raised an affirmative defense not timely pleaded.

In support of his first two points White contends his, Sullins's, and Spencer's testimonies were evidence Sullins negligently stepped in front of White's car, and that plaintiffs' failure to object to that evidence constituted trial by consent to the unpleaded defense. White describes his own testimony as proof he did not leave the road; thus, implicitly, Sullins stepped in front of White's car. In fact, White could not testify what occurred and only testified how he had driven in the past. Sullins admitted he was aware of the risk imposed by drunk drivers and it would have been safer for him to have pulled his patrol car off the road, but his testimony did not show that doing so would have left him less exposed to being struck by a drunk driver. Spencer testified he saw Sullins and the pedestrian standing in front of the patrol car, but it would not have been possible for White to strike Sullins while he stood in front of the patrol car, so it was possible Sullins had stepped backward so he was no longer in front of his car.

 The rule of trial by implied consent is only intended to apply to exceptional cases where it clearly appears from the record the parties tried the unpleaded issue by consent. *Ranger Ins. Co. v. Robertson,* 707 S.W.2d 135, 142 (Tex.App.—Austin 1986, writ ref'd

---

1. The Honorable David Farris, sitting by assignment pursuant to TEX.GOV'T CODE ANN. § 74.003(b)

(Vernon 1988).

n.r.e.). It is a rule that should be applied with care and not in a doubtful situation. *Foxworth–Galbraith Lumber Co. v. Southwestern Contracting Corp.*, 165 S.W.2d 221, 224 (Tex.Civ.App.—Fort Worth 1942, writ ref'd w.o.m.). The testimony cited by White does not make this the exceptional case. White has misstated his own testimony, and the cited testimonies of Sullins and Spencer occurred during White's cross-examination when any matter relevant to any issue including credibility was fair game. *See* TEX. R.CIV.EVID. 611(b). Had the plaintiffs objected to White's cross-examination, as White contends they were required to do, and the trial court sustained those objections, White's right to cross-examine the witnesses against him would have been unjustly restricted.

If White was able to point to other parts of the record which support his claim we might conclude the plaintiffs had consented to a trial on Sullins's negligence by concealing their objection or negligently failing to object the matter had not been pleaded. However, neither party raised the question of Sullins's negligence in either a pretrial discussion, trial brief, jury voir dire, or opening statement, and the issue was not raised until both sides had closed.

■ White also argues the trial court erred in refusing to permit him to file a trial amendment because the Sullinses did not present evidence they would have been surprised or prejudiced by the amendment. His argument is based upon a misunderstanding of Rule 66. Under the rule a trial court has no discretion to deny a trial amendment unless: (1) the opposing party presents evidence of surprise or prejudice, or (2) the amendment asserts a new cause of action or defense and is thus prejudicial on its face and the opposing party objects. *Chapin & Chapin, Inc. v. Texas Sand & Gravel Co., Inc.*, 844 S.W.2d 664, 665 (Tex.1992). A party opposing a trial amendment does not have to prove prejudice or surprise if the amendment is a substantive one which changes the nature of the trial. *Id.* A newly plead affirmative defense substantially changes the nature of a trial unlike adding a verified plea conforming to issues already pleaded, *id.*, amending the amount of damages claimed,

*Greenhalgh v. Service Lloyds Ins. Co.*, 787 S.W.2d 938, 940 (Tex.1990), or alleging an alternative form of conduct with elements common to that already pleaded. *State Bar of Texas v. Kilpatrick*, 874 S.W.2d 656, 658 (Tex.), *cert. denied*, —— U.S. ——, 114 S.Ct. 2740, 129 L.Ed.2d 860 (1994). Accordingly, because, as we have already noted, the record contains nothing indicating the plaintiffs should have known comparative negligence was an issue we cannot say the trial court abused its discretion in denying White's requests to allow a trial amendment and submit Sullins's negligence. White's first and second points are overruled.

In his third point of error White complains the evidence was both legally and factually insufficient to support the award of $1,900,000.00 actual damages to Officer Sullins. White bases his complaint on written notations, on the verdict, alongside the elements of damages the jury was instructed it could consider. Because those notations do not conclusively prove how the jury arrived at its total damages award we have not considered them in addressing this point. *Mills v. Jackson*, 711 S.W.2d 427, 429 (Tex.App.—Fort Worth 1986, no writ).

■ In deciding a no evidence point we consider only the evidence and inferences that tend to support the finding and disregard all evidence and inferences to the contrary. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex.1994); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661–662 (1951). If there is more than a scintilla of evidence supporting the finding then it is sufficient as a matter of law, and any challenges go merely to the weight to be accorded the evidence. *Browning–Ferris, Inc. v. Reyna*, 865 S.W.2d 925, 928 (Tex.1993).

While White includes a legal sufficiency challenge in his third point, in his argument he concedes there was evidence supporting every element of damages he discusses. Consequently, we must overrule his complaint there was no evidence.

■ In deciding a challenge the evidence is factually insufficient we consider all the evidence in the case to determine if the finding is so weak or the evidence to the

contrary so overwhelming that the answer should be set aside and a new trial ordered. *Jaffe Aircraft Corp. v. Carr,* 867 S.W.2d 27, 29 (Tex.1993), *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965).

In deciding Sullins's damages the jury was instructed it could consider several elements including some Sullins would incur in the future: physical pain, mental anguish, physical impairment, and disfigurement. Such damages are necessarily speculative and particularly within the jury's province to resolve. *Pipgras v. Hart,* 832 S.W.2d 360, 365–366 (Tex.App.—Fort Worth 1992, writ denied), *Gulf States Utilities Co. v. Dryden,* 735 S.W.2d 263, 268 (Tex.App.—Beaumont 1987, no writ). The mere fact the jury's award is large does not indicate the jury considered passion, prejudice, sympathy, or other circumstances not in evidence. *International Harvester Co. v. Zavala,* 623 S.W.2d 699, 708 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.).

Loss of a kidney, compound fracture of his mandible, severe laceration of his tongue, lacerations to his face including those which required his eyelids be sewed on, injury to several arteries requiring surgery, fractures to his pelvis, knee, and fibula were among the injuries Sullins endured. The jury heard testimony describing those injuries, their treatment, monetary costs and continuing physical and emotional problems. Because we do not find the compensatory damages award to be manifestly unjust, shock the conscience, or demonstrate bias we are not required to detail all the evidence supporting the judgment. *See Ellis County State Bank v. Keever,* 888 S.W.2d 790, 794 (Tex.1994). Point three is overruled.

In his fourth point of error White complains there was no evidence and insufficient evidence to sustain the jury finding of gross negligence. These complaints are based upon a notation on the charge which White reads as a finding he was grossly negligent only in failing to stop to see what he had hit. The notation is not conclusive and we will not consider it. *See Mills,* 711 S.W.2d at 427. White's complaints about the gross negligence finding are overruled.

In his fourth point White also contends there was both no evidence and insufficient evidence to sustain the jury award of $5,000,000.00 as punitive damages. In his argument he complains the punitive damage award was unreasonable because he is a laborer and it is more than he will ever be able to pay. White's argument does not urge there was no evidence to support the award; thus, his no evidence complaint was not preserved for appellate review. *Trinity Universal Ins. Co. v. Fidelity & Casualty Co. of New York,* 837 S.W.2d 202, 205 (Tex.App.—Dallas 1992, no writ). In addressing White's insufficient evidence complaint we must detail the relevant evidence explaining why it either supports or does not support the award. *See Transportation Ins. Co. v. Moriel,* 879 S.W.2d 10, 31 (Tex.1994). *Moriel* directs us to apply the factors set out in *Alamo Nat'l Bank v. Kraus,* 616 S.W.2d 908, 910 (Tex.1981). *Moriel,* 879 S.W.2d at 31. The *Kraus* factors are (1) the nature of the wrong, (2) the character of the conduct involved, (3) the degree of culpability of the wrongdoer, (4) the situation and sensibilities of the parties concerned, and (5) the extent to which such conduct offends a public sense of justice and propriety. *Kraus,* 616 S.W.2d at 910.

The relevant evidence was undisputed. White was drunk when he struck Sullins. White knew he had hit something and his car was damaged, but he made no effort to inquire what he had hit or to render aid to Sullins. An hour later, White's blood alcohol concentration was .24 grams per 100 milliliters of blood. White's alcohol concentration, when the collision occurred, was estimated to be .26 grams, two and one half times the minimum concentration within the penal code definition of intoxication. TEX.PENAL CODE ANN. § 49.01(2)(B) (Vernon 1994). The jury heard testimony that White had acted criminally in driving intoxicated, TEX.PENAL CODE ANN. § 49.04(a), and in failing to stop and render aid. TEX.REV.CIV.STAT.ANN. art. 6701d § 38 (Vernon 1977) (current version at TEX.TRANSP.CODE ANN. § 550.021) (Vernon 1996).

In his argument White never mentions the *Kraus* factors. His only argu-

ment relates to his inability to pay the judgment. A defendant's financial ability is relevant in determining what amount of punitive damages will effectively punish the defendant. *Lunsford v. Morris,* 746 S.W.2d 471, 473 (Tex.1988); however, penury does not diminish the offense. White's ability to pay the judgment is outweighed by the enormity of his indifference and the public's need to stop drunk drivers. The jury assessed punitive damages that were less than three times compensatory damages for outrageous conduct which meets every definition of gross negligence and all of the *Kraus* factors. *Id.* The evidence sufficiently supports that award. Point four is overruled.

The judgment is AFFIRMED.