In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-05-024 CV


____________________



LACEY PEREZ, Appellant



V.



GUSTAVO A. PEREZ, Appellee






On Appeal from the 172nd District Court


Jefferson County, Texas


Trial Cause No. E-168,957






MEMORANDUM OPINION


 Lacey Perez appeals a judgment non obstante veredicto on punitive damages for
gross negligence in an automobile accident. On a rainy day in August 2002, Gustavo A.
Perez drove his employer's delivery truck into the back of Lacey Perez's Honda Accord. (1) 
Gustavo drove away from the accident, with Lacey in pursuit for as far as one-half mile. 
Gustavo pulled over and admitted responsibility for the accident. The plaintiff contends
that by leaving the scene the defendant exhibited malice that supports the jury's $20,000
punitive damage award. (2) The defendant contends there is no evidence to support a punitive
damage award because there is no evidence that the harm to the plaintiff resulted from the
defendant leaving the scene of the accident. We hold the trial court correctly concluded
that no clear and convincing evidence supports a finding that Lacey Perez was harmed by
the malice or grossly negligent conduct of Gustavo A. Perez. Accordingly, we affirm the
judgment.

 The trial court may disregard a jury finding on a question that has no support in the
evidence, and may enter a judgment notwithstanding the verdict if a directed verdict would
have been proper. Tex. R. Civ. P. 301. To affirm a judgment notwithstanding the
verdict, we must determine that no evidence supports the jury's finding. Mancorp, Inc.
v. Culpepper, 802 S.W.2d 226, 227 (Tex. 1990). In reviewing the legal sufficiency of the
evidentiary support for a finding that must be proved by clear and convincing evidence,
we regard all the evidence in the light most favorable to the finding to determine whether
a reasonable trier of fact could have formed a firm belief or conviction that the finding was
true. Southwestern Bell Tel. Co. v. Garza, 164 S.W.3d 607, 627 (Tex. 2004); see Tex.
Civ. Prac. & Rem. Code Ann. § 41.001(2) (Vernon Supp. 2005). We assume the jury
resolved disputed facts in favor of its finding if a reasonable factfinder could do so, and
disregard all evidence that a reasonable factfinder could have disbelieved or found to be
incredible. In the Interest of J.F.C., 96 S.W.3d 256, 266 (Tex. 2002). The evidence is
legally insufficient if "no reasonable factfinder could form a firm belief or conviction that
the matter that must be proven is true. . . ." Id.

 The jury found that the harm to Lacey Perez resulted from malice, as that term was
statutorily defined in 2002. See Act of April 11, 1995, 74th Leg., RS., ch. 19, § 1, 1995
Tex. Gen. Laws 108, 109 (amended 2003) (current version at Tex. Civ. Prac. & Rem.
Code Ann. § 41.001 (Vernon Supp. 2005)). (3) The motion for judgment notwithstanding
the verdict argued the accident occurred from the wet and rainy weather conditions, not
as a result of the defendant's malicious or grossly negligent conduct, and the plaintiff did
not suffer any damages as a result of the defendant temporarily fleeing the scene. The
plaintiff did not allege that the defendant's conduct leading up to the collision constituted
malice or gross negligence. Lacey Perez's petition limited her claim for exemplary or
punitive damages to Gustavo Perez's post-accident conduct, namely, that the defendant
"attempted to flee the collision scene in an effort to avoid identification and responsibility
for the incident in question." Therefore, we focus on the evidence relating to the
defendant's post-accident conduct to determine if there is adequate support for the jury's
finding. 

 The defendant admitted he left the scene of the accident. The plaintiff contends
punitive damages are justified because the defendant violated a criminal statute. See Tex.
Transp. Code Ann. §§ 550.021-.023 (Vernon 1999). (4) She concedes that the unlawfulness
of an act will not by itself justify the imposition of exemplary or punitive damages, but
argues violation of this particular statute has been held to support a claim for punitive
damages. See Continental Coffee Products Co. v. Cazarez, 937 S.W.2d 444, 454 (Tex.
1996); compare White v. Sullins, 917 S.W.2d 158 (Tex. App.--Beaumont 1996, writ
denied). In White, a drunk driver struck a policeman standing on the shoulder of the road. 
Id. at 160. Another officer pursued the driver, who was shown to have a blood alcohol
level well in excess of the legal limit. Id. That case addressed the amount of damages
awarded, not whether a particular act constituted malice or gross negligence. White's
failure to stop and render aid to the injured policeman was a factor considered in
determining the reasonableness of a $5,000,000 punitive damage verdict assessed against
a laborer. Id. at 162-63 (citing Alamo Nat'l Bank v. Kraus, 616 S.W.2d 908, 910 (Tex.
1981)). Unlike White v. Sullins, where the defendant's failure to stop and render aid was
a factor in assessing the amount of punitive damages recoverable for gross negligence in
causing the automobile accident by driving while intoxicated, there is no allegation in this
case that the accident was itself caused by malice or gross negligence of the defendant. 

 Here, the plaintiff argues that, by attempting to flee and escape responsibility for
the accident, the defendant intended to cause a substantial injury. In the alternative, she
argues the defendant inflicted mental anguish upon her by failing to stop and render aid. 
Under the version of the statute in effect for this case, punitive damages may be recovered
if nominal damages are awarded, provided the plaintiff establishes by clear and convincing
evidence that the harm with respect to which exemplary damages are sought results from
intentional malice under Section 41.001(7)(A); otherwise, exemplary damages are available
only if other than nominal damages are recovered. See Act of April 11, 1995, 74th Leg.,
RS., ch. 19, § 1, 1995 Tex. Gen. Laws 108, 110 (amended 2003) (current version at Tex.
Civ. Prac. & Rem. Code Ann. § 41.004 (Vernon Supp. 2005)). The defendant argues
that punitive damages are not recoverable for failing to stop and render aid because his
action, no matter how reprehensible, did not result in harm to the plaintiff. In a cause of
action for which actual damages are recoverable, actual damages are a prerequisite to
recovery of exemplary damages. Houston Northwest Med. Ctr. Survivor, Inc. v. King,
788 S.W.2d 179, 181-82 (Tex. App.--Houston [1st Dist.] 1990, no writ). The defendant
contends the plaintiff recovered no actual damages, nominal or otherwise, in connection
with the conduct for which she claims punitive damages. 

 Lacey Perez testified that she made eye contact with Gustavo Perez as he pulled
around her after the accident. The defendant "floored it." Her car was still running, so
she followed him onto the highway. The defendant saw her approaching, put his arm
outside the window, and waved for her to pull over. When the police arrived, she was
"very shaken up" and very upset that her brand new car was totaled. Although she told
the officer she was not injured, she was thinking about her vehicle and not herself. Later
that day, she experienced headache, nausea, and back pain, and sought medical attention. 
She was prescribed Ibuprofen and a muscle relaxer. The pain disrupted her sleep patterns. 
The jury awarded actual damages of $20,000 for physical pain and mental anguish in the
past; however, none of the pain and mental anguish the plaintiff described for the jury
arose from Gustavo Perez's malicious conduct following the accident. The jury could
surmise from the fact that the plaintiff pursued the defendant that she was offended and
angry that he failed to immediately stop and accept responsibility for the rear-end collision. 
There is, however, no evidence that the injuries from the motor vehicle collision were
exacerbated by the defendant's failure to stop and render aid. Although she testified "[i]t
would have been nice to know that they at least acknowledged their fault," there is no
evidence that the distress experienced after the accident was attributable to the defendant's
flight from the scene. She expended no more effort to bring the wrongdoer to justice than
following him onto the highway, and he remained until the police arrived. In this case,
only post-accident conduct could give rise to liability for punitive damages because only
post-accident conduct was alleged to be malicious. A reasonable trier of fact could not
form a firm belief that the defendant's conduct following the accident resulted in harm to
the plaintiff. We hold the trial court did not err in ruling that the evidence would not
support the jury's finding that the harm to Lacey Perez resulted from malice. 

 The plaintiff also contends the trial court utilized the incorrect legal standard in
granting judgment notwithstanding the verdict. The judgment recites the plaintiff cannot
recover exemplary damages because "there was insufficient evidence presented to support
such an award." Accepted terminology when there is no evidence supporting a fact issue
on which the proponent has the burden of proof is "legally insufficient evidence." William
Powers, Jr. & Jack Ratliff, Another Look at "No Evidence" & "Insufficient Evidence,"
69 Tex. L.R. 515, 517-18 (1991). The terminology "insufficient evidence" or "factually
insufficient evidence" is used to describe a situation where there is some evidence but not
enough to uphold the finding in favor of the party with the burden of proof. Id. at 518. 
Although the ruling did not specify whether the evidence was legally insufficient or
factually insufficient, a motion for judgment notwithstanding the verdict may be granted
only if there is no evidence to support the finding. It is apparent, therefore, that the trial
court ruled the evidence was legally insufficient to support the verdict. Although the
judgment is no model of clarity, the nomenclature employed by the trial court does not
establish that the trial court employed the incorrect standard in ruling on the motion. 

 The trial court correctly concluded that no clear and convincing evidence supports
a finding that Lacey Perez was harmed by the malice or grossly negligent conduct of
Gustavo A. Perez. We overrule the appellant's issues and affirm the judgment.

 AFFIRMED. 


 ____________________________

 STEVE McKEITHEN

 Chief Justice



Submitted on July 14, 2005

Opinion Delivered August 31, 2005


Before McKeithen, C.J., Kreger and Horton, JJ.
1. Although they share a surname, the parties are unrelated to each other. For ease
of reference we will refer to the parties by their given names or by their alignment in the
trial court. In this opinion, "defendant" refers to Gustavo A. Perez and not to Jake Mazzu
Produce, Inc.
2. The jury also found $20,000 for physical pain and mental anguish, $1,280 for loss
of earning capacity, and $6,038.48 for past medical care. Neither the plaintiff's actual
damages nor the negligence findings against Gustavo and his employer, Jake Mazzu
Produce, Inc., are at issue in this appeal.
3. The charge read as follows:

 "Malice" means:

 (a) a specific intent by Gustavo A. Perez to cause substantial
injury to Lacey Perez; or

 (b) an act or omission by Gustavo A. Perez, 

 (i) which when viewed objectively from the
standpoint of Gustavo A. Perez, at the time of
the occurrence, involved an extreme degree of
risk, considering the probability and magnitude
of the potential harm to others; and

 (ii) of which Gustavo A. Perez had actual,
subjective awareness of the risk involved, but
nevertheless proceeded with conscious
indifference to the rights, safety, or welfare of
others. 
4. The Transportation Code requires the operator of a vehicle involved in an accident
resulting in either property damage or personal injury to: (1) immediately stop the vehicle
at the scene of the accident or as close to the scene as possible; (2) immediately return to
the scene of the accident if the vehicle is not stopped at the scene of the accident; and (3)
remain at the scene of the accident until the operator (a) gives the operator's name and
address, the registration number of the vehicle the operator was driving, and the name of
the operator's motor vehicle liability insurer to any person injured or the operator or
occupant of or person attending a vehicle involved in the collision; (b) if requested and
available, shows the operator's driver's license; and (c) provides any person injured in the
accident reasonable assistance, including transporting or making arrangements for
transporting the person to a physician or hospital for medical treatment if it is apparent that
treatment is necessary, or if the injured person requests the transportation. Tex. Transp.
Code Ann. §§ 550.021-.023 (Vernon 1999). The offense is a felony or a misdemeanor,
depending upon whether the accident involves personal injury or property damage. Id.