Terry WALDEN, D.D.S., Petitioner,

v.

Lena JEFFERY, Respondent.

No. D–4258.

Supreme Court of Texas.

March 16, 1995.

William W. Hancock, Dallas, for petitioner.

Michael Sloan, McKinney, for respondent.

PER CURIAM.

Lena Jeffery sued her dentist, Dr. Terry Walden, for failing to provide her dentures that fit, as he had promised. She pleaded three causes of action: violation of the Texas Deceptive Trade Practices—Consumer Protection Act, TEX.BUS. & COM.CODE §§ 17.46(b)(5), (7); breach of implied warranties of fitness and suitability; and breach of an oral contract. Jeffery did not plead a cause of action for negligence. The trial court granted Walden's motion for summary judgment on all of Jeffery's claims. A divided panel of the court of appeals affirmed the summary judgment on Jeffery's contract claim but reversed it on her DTPA and warranty claims. 907 S.W.2d 446. We conclude that the trial court's summary judgment on all claims was correct.

Walden contends that Jeffery's DTPA claim is barred by section 12.01(a) of the Medical Liability and Insurance Improvement Act, TEX.REV.CIV.STAT.ANN. art. 4590i (Vernon Supp.1995), which states:

Notwithstanding any other law, no provisions of Sections 17.41–17.63, Business & Commerce Code, shall apply to physicians or health care providers as defined in Section 1.03(3) of this Act, with respect to claims for damages for personal injury or death resulting, or alleged to have resulted, from negligence on the part of any physician or health care provider.

The court of appeals held that section 12.01(a) did not bar Jeffery's claim that Walden knowingly misrepresented he would provide her with properly fitting dentures because that claim was not "resulting, or alleged to have resulted, from negligence".

Last year in *Sorokolit v. Rhodes,* 889 S.W.2d 239, 242 (Tex.1994), the Court stated:

There can be no DTPA claim against a physician for damages for personal injury or death if the damages result, or are alleged to result, from the physician's negligence; however, if the alleged DTPA claim is not based on the physician's breach of the accepted standard of medical care, section 12.01(a)⁻ does not preclude suit for violation of the DTPA. Thus, the underlying nature of the claim determines whether section 12.01(a) prevents suit for violation of the DTPA. Claims that a physician or health care provider was negligent may not be recast as DTPA actions to avoid the standards set forth in the Medical Liability and Insurance Improvement Act.

In *Sorokolit,* a patient alleged that her physician represented that the result of breast augmentation surgery would look like a photo she selected. The Court held that this allegation did not necessarily involve the assertion that the physician had failed to meet the applicable standard of care and was therefore negligent. In the present case, by

contrast, the allegation that Walden provided ill-fitting dentures cannot be anything other than that he was negligent. Jeffery has simply recast her negligence claim as a DTPA claim. Section 12.01(a), as construed in *Sorokolit*, precludes this. *Gormley v. Stover*, 907 S.W.2d 448 (Tex.1995) (per curiam). The court of appeals erred in reversing the summary judgment on Jeffery's DTPA claim.

 With respect to Jeffery's breach of implied warranty claim, the court of appeals correctly determined that implied warranties do not apply to a product provided as an inseparable part of the rendition of medical services. In *Barbee v. Rogers*, 425 S.W.2d 342 (Tex.1968), we held that the failure of contact lenses to fit properly was due not to a product defect for which the optometrist who supplied them was strictly liable but rather to a negligent rendition of services. By the same reasoning, a physician who supplies ill-fitting contact lenses, or in this case dentures, is not liable for a breach of implied warranty relating to the product but for negligence in the rendition of services. The court of appeals did not err in holding the rule applicable in this case.

The appeals court did err, however, in concluding that Walden failed to establish as a matter of law that providing dentures to Jeffery was an inseparable part of his professional services as a dentist. Jeffery does not allege that Walden was marketing dentures apart from his profession of dentistry. Rather, she alleges that she was provided dentures in the course of her consultation "with Defendant in his professional capacity as a dentist". Her affidavit in response to Walden's motion for summary judgment states that she was treated by Walden and received "services for dentures". Jeffery's pleadings and affidavit establish that the providing of dentures was an inseparable part of Walden's rendition of medical services. The trial court properly granted Walden summary judgment on the claim for breach of warranty.

We agree with the court of appeals, for the reasons it explained, that summary judgment on Jeffery's claim for breach of contract was correct.

Accordingly, a majority of the Court, without hearing oral argument, grants Walden's application for writ of error, reverses the judgment of the court of appeals insofar as it reverses the judgment of the trial court, and renders judgment that Jeffery take nothing against Walden. Tex.R.App.P. 170.