Affirmed and Memorandum Opinion filed  November 23, 2010.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-08-01077-CV



 

Dorothy Armstrong, Appellant

V.

MARILU ROBINSONS D/B/A
AFFORDABLE DENTAL, Appellee

 



On Appeal from the County Court
at Law No 2

Galveston County, Texas

Trial Court Cause No. 58,779



 

MEMORANDUM  OPINION

 

Appellant Dorothy Armstrong (“Dorothy”) sued appellee
Marilu Robinsons d/b/a Affordable Dental[1]
(“Affordable Dental”), relative to certain dentures she had purchased.  She
filed an original petition making various claims and later amended the petition
to include only a claim for “money had and received.”  The trial court
dismissed her claim with prejudice for Dorothy’s failure to serve an expert
report under chapter 74 of the Texas Civil Practice and Remedies Code.  On
appeal, Dorothy contends chapter 74 does not apply, and the trial court abused
its discretion in dismissing her claim.  We affirm.

I.

Background

Dorothy paid Affordable Dental $1,730.64 to provide
her with a set of dentures.  When she received them, she was unhappy with the
way they fit.  Dorothy returned to Affordable Dental and requested that Affordable
Dental adjust the dentures to better fit her.  She claims Affordable Dental
instead tried to have her sign a document stating she would take the dentures
“as is,” but she refused because she claims that the dentures did not fit. 
According to Dorothy, Affordable Dental then told her to leave the office and
not to come back any more.  Dorothy says that she left the office with the top
dentures but that the bottom dentures were not returned to her.  

Dorothy sued Affordable Dental, and in her original petition
she alleged claims for (1) breach of contract and (2) violations of the Texas
Deceptive Trade Practices–Consumer Protection Act (“DTPA”).  Affordable Dental claimed
that Dorothy was asserting “health care liability claims” subject to chapter 74
of the Texas Civil Practice and Remedies Code.  

Chapter 74 requires a claimant bringing a health care
liability claim to file an expert report within 120 days of filing suit, or
risk dismissal of the action.  See Tex.
Civ. Prac. & Rem. Code Ann. § 74.351 (West Supp. 2009).  When
Dorothy failed to file an expert report within the prescribed period,
Affordable Dental filed a motion to dismiss her claims.  In response to the
motion to dismiss, Dorothy filed an amended petition alleging only one claim: “money
had and received.”  In her amended petition, Dorothy alleged that Affordable
Dental held $1,730.64 that in equity and good conscience belongs to Dorothy,
and Dorothy sought a money judgment for this amount.  Dorothy did not seek the
return of the bottom dentures.  The trial court ultimately granted the motion
to dismiss, and Dorothy perfected this appeal.

II.

Discussion

Under chapter 74, a “health
care liability claim” is defined as:

a cause of action against a health care provider or
physician for treatment, lack of treatment, or other claimed departure from
accepted standards of medical care, or health care, or safety or professional
or administrative services directly related to health care, which proximately
results in injury to or death of a claimant, whether the claimant’s claim or
cause of action sounds in tort or contract.

Tex. Civ.
Prac. & Rem. Code Ann.
§ 74.001(a)(13) (West 2005). Dorothy does not dispute that Affordable Dental falls
under the statutory definition of a “health care provider.”  See §
74.001(a) (12)(A)(ii) (“Health care provider” . . . includ[es] . . . a
dentist.”).  Whether a claim falls within the definition
of “health care liability claim”
requires an examination of the essence or underlying nature of the plaintiff’s
claim.  Diversicare Gen. Partners, Inc. v. Rubio,
185 S.W.3d 842, 851 (Tex. 2005).  A claim against a dentist is a health care liability claim
if the act or omission that allegedly caused injury is an inseparable part of
the rendition of dental services.  See id. at 848 (stating that,
in Walden v. Jeffery, the Supreme Court of Texas held that a claim
against a dentist for ill-fitting dentures was a health care liability claim governed
by the Medical Liability Insurance Improvement Act based on the Walden court’s
conclusion that providing dentures was an inseparable part of the dentist’s rendition
of dental services);  Walden v. Jeffery, 907 S.W.2d 446, 447–48 (Tex.
1995).  When the essence of a suit is a health care liability claim, a claimant cannot avoid the
requirements of the legislature’s statutory scheme through artful pleading.  See
Garland Cmty. Hosp. v. Rose,
156 S.W.3d 541, 543 (Tex. 2004).

            On appeal,
Dorothy asserts that her claim is based on two wrongful acts of Affordable
Dental: (1) “[Affordable Dental] refused to properly fit the dentures,” and (2)
“[Affordable Dental] required Ms. Armstrong to leave the office without the
bottom dentures.”  Dorothy argues that, even if the first alleged wrongful act
is an inseparable part of the rendition of dental services, Affordable Dental’s
refusal to return the bottom dentures was not an inseparable part of the
rendition of dental services.  

            The Supreme Court
of Texas has concluded that a claim against a dentist based on ill-fitting
dentures is a health care liability claim, even if the claimant seeks to cast
her claim as a complaint about a product.  See Diversicare Gen. Partners,
Inc. at 848;  Walden, 907 S.W.2d at 448.  Dorothy does not seek the
return of the bottom dentures; instead, she seeks a full refund of the amount
she paid for both the top and the bottom dentures.  According to Dorothy’s
petition, despite repeated attempts over a seven-month period, Affordable Dental
did not provide her with dentures that fit properly.  The essence of Dorothy’s
claim is that she paid Affordable Dental to make and fit dentures for her but
that Affordable Dental provided her with ill-fitting dentures.  Therefore,
Dorothy seeks a full refund, alleging that Affordable Dental holds money that
in equity and good conscience belongs to her.  Under the plain meaning of
Chapter 74 and the Walden precedent, Dorothy’s claim is a health care
liability claim. See Tex. Civ.
Prac. & Rem. Code Ann. § 74.001(a)(13); Diversicare Gen.
Partners, Inc., 185 S.W.3d at 848;  Walden, 907 S.W.2d at 448.  Dorothy’s
allegation that Affordable Dental refused to return the bottom dentures to her
does not change the underlying nature of her claim.  Dorothy would not be
entitled to the full refund that she seeks unless Affordable Dental did not
properly fit the dentures. 

The acts or omissions of which Dorothy complains are an
inseparable part of the rendition of dental services, and her claim is a health
care liability claim.  See Diversicare Gen. Partners, Inc., 185 S.W.3d at
848;  Walden, 907 S.W.2d at 448.  Because Dorothy failed to file the
required expert report within the prescribed period, the trial court properly
granted Affordable Dental’s motion to dismiss Dorothy’s suit.  Accordingly, we
overrule Dorothy’s two appellate issues and affirm the trial court’s judgment.

 

PER
CURIAM

Panel consists of Chief Justice
Hedges and Justices Frost and Boyce.









[1]Dorothy
sued appellee as “Marilu Robinsons d/b/a Affordable Dental”; however, appellee
asserts that her correct name is Marilu Robbins and that she has never done
business as Affordable Dental.  We need not address these issues to decide this
appeal.