ACCEPTED
03-15-00081-CV
4382039
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/5/2015 11:25:31 AM
JEFFREY D. KYLE
CLERK

### NO. 03-15-00081-CV

_____

**IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AT AUSTIN, TEXAS**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

3/5/2015 11:25:31 AM

JEFFREY D. KYLE
Clerk

_____

**ACCESS ORTHODONTICS OF EAST 7TH STREET, P.A.
Appellant**

**v.**

**MIRIAM JAIMES
Appellee**

_____

**On Appeal from the 126th Judicial District Court
Of Travis County, Texas
The Honorable Amy Clark Meachum Presiding**

_____

**APPELLANT, ACCESS ORTHODONTICS OF EAST 7TH STREET, P.A.'S, BRIEF**

_____

Robert M. Anderton
State Bar No. 00795223
Mark J. Hanna
State Bar No. 08919500
900 Congress Avenue, Suite 250
Austin, Texas  78701
Telephone:   (512) 477-6200
Facsimile:   (512) 477-1188
mhanna@markjhanna.com

Jon M. Smith
State Bar No. 18630750
3305 Northland Drive
Suite 500
Austin, Texas 78731
Telephone:  (512) 371-1006
Facsimile:   (512) 476-6685
jon@jonmichaelsmith.com

ORAL ARGUMENT REQUESTED

**Appellant's Brief – Page i**

**REQUEST FOR ORAL ARGUMENT**

Appellant requests oral argument. Because of the unique nature of the issues presented in this case, oral argument will assist the court in reaching its decision.

# IDENTITY OF PARTIES AND COUNSEL

Appellant:                              Access Orthodontics of East 7th Street, P.A.

Appellant's Counsel:                    Robert M. Anderton
                                        State Bar No. 00795223
                                        Mark J. Hanna
                                        State Bar No. 08919500
                                        900 Congress Avenue, Suite 250
                                        Austin, Texas  78701
                                        Telephone:   (512) 477-6200
                                        Facsimile:     (512) 477-1188
                                        mhanna@markjhanna.com

                                        Jon M. Smith
                                        State Bar No. 18630750
                                        3305 Northland Drive
                                        Suite 500
                                        Austin, Texas 78731
                                        Telephone:  (512) 371-1006
                                        Facsimile:    (512) 476-6685
                                        jon@jonmichaelsmith.com

Appellee:                               Miriam Jaimes

Appellee's Counsel:                     J. Lynn Watson
                                        The J.L. Watson Law Firm, P.C.
                                        State Bar No. 20761510
                                        9442 N. Capital of Texas Hwy.
                                        Plaza 1, Suite 500
                                        Austin, Texas 78759
                                        Telephone: (512) 343-4526
                                        Facsimile: (512) 582-2953

**REFERENCE TO THE PARTIES**

Appellant will refer to Appellant, Access Orthodontics of East 7th Street, P.A. as "Access" and Appellee, Miriam Jaimes, as "Jaimes."

**REFERENCE TO THE RECORD**

| Reference | Meaning |
|---|---|
| C.R. | Clerk's Record at page ___ |
| R.R. | Reporter's Record at page ___: line ___ |

**TABLE OF CONTENTS**

                                                                    **PAGE**

REQUEST FOR ORAL ARGUMENT…………………………………………..………..ii

IDENTITY OF PARTIES AND COUNSEL……………………………….…………..iii

REFERENCE TO THE PARTIES ………………………………………….…………iv

REFERENCE TO THE RECORD …………………………………….………………iv

TABLE OF CONTENTS………………………………………………..….…………v

APPENDIX…………………………………………………………………...………vi

INDEX OF AUTHORITIES ………………………………………………………vii

STATEMENT OF THE CASE ………………………………………………………1

ISSUE PRESENTED……………………………………………………………......2

STATEMENT OF FACTS …………………………………………………...........2

STANDARD OF REVIEW …………………………………………………………4

SUMMARY OF THE ARGUMENT ………………………………………………...5

ISSUE……………………………………………………………………………......5

Whether the Trial Court erred in denying Access' motion to dismiss pursuant to Texas Civil Practice & Remedies Code §74.351(b)......................................................5

SUMMARY …………………………………………………………………………...5

ARGUMENTS AND AUTHORITIES ……………………………………………….5

CONCLUSION ……………………………………………………………………...12

PRAYER ……………………………………………………………………………12

CERTIFICATE OF COMPLIANCE……………………………………………….14

CERTIFICATE OF SERVICE ……………………………………………………..15

**APPENDIX**

1. Order Denying Defendant's Motion to Dismiss with Prejudice for Failure to Provide Expert Report Pursuant to Texas Civil Practice & Remedies Code §74.351(b)

2. Texas Civil Practice & Remedies Code §74.351

# INDEX OF AUTHORITIES

**CASES**                                                             **PAGE**

*Am. Transitional Care Ctrs. v. Palacios*, 46 S.W.3d 873, 877 (Tex. 2001)......................4

*Christus Spohn Health Sys. Corp. v. Sanchez*, 299 S.W.3d 868, 873 (Tex. App.—Corpus Christi 2009, pet. denied)................................................................................4

*City of Rockwall v. Hughes*, 246 S.W.3d 621, 625-26 (Tex. 2008)................................8

*Coates v. Whittington*, 758 S.W.2d 749, 751-52 (Tex. 1988)........................................10

*Cont'l Cas. Ins. Co. v. Functional Restoration Assocs.*, 19 S.W.3d 393, 402 (Tex. 2000)...............................................................................................................................8

*Crawford v. Ace Sign, Inc.*, 917 S.W.2d 12, 14-15 (Tex. 1996)....................................10

*Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 851 (Tex. 2005)....................6

*Garland Cmty. Hosp. v. Rose*, 156 S.W.3d 541, 543 (Tex. 2004)....................................6

*GTE Southwest v. Bruce*, 998 S.W.2d 605, 611 (Tex. 1999)..........................................10

*Inst. for Women's Health, P.L.L.C. v. Imad*, 2006 Tex. App. LEXIS 1182 (Tex. App.—San Antonio 2006, no writ)...................................................................................11

*Jernigan v. Langley*, 195 S.W.3d 91 93 (Tex. 2006)(per curiam)....................................4

*Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 664 (Tex. 2010)........................7

*Martin v. Texas Dental Plans, Inc.*, 948 S.W.2d 799, 805 (Tex. App.—San Antonio 1997, writ denied)..........................................................................................................11

*McAllen Hospitals, L.P. v. Gomez*, No. 13-12-00421-CV, 2013 Tex. App. LEXIS 1990 (Tex. App.—Corpus Christi 2013)..............................................................................11

*Mokkala v. Mead*, 178 S.W.3d 66, 70 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).............................................................................................................................4

*Moore v. Lillebo*, 722 S.W.2d 683, 685 (Tex. 1986)......................................................10

*Parkway Co. v. Woodruff*, 901 S.W.2d 434, 44 (Tex. 1995)..........................................10

*PM Management-Trinity NC, LLC v. Kumets*, 368 S.W.3d 711, 720 (Tex. App.—Austin 2012, pet. filed)...............................................................................................................11

*Sci. Image Ctr. Mgmt. v. Bre*wer, 282 S.W.3d 233, 237-38 (Tex. App.—Dallas 2009, pet. denied).......................................................................................................6

*St. Elizabeth Hosp. v. Garrard*, 730 S.W.2d 649, 652-53 (Tex. 1987)...........................10

*State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006)........................................................8

*Valley Baptist Med. Ctr. v. Stradley*, 210 S.W.3d 770, 773 (Tex. App.—Corpus Christi 2006, pet. denied)...........................................................................................................4

*Walden v. Jeffer*y, 907 S.W.2d 446, 448 (Tex. 1995)...................................................6,9

*Washam v. Hughes*, 638 S.W.2d 646, 648 (Tex. App.—Austin 1982, writ ref'd n.r.e.).............................................................................................................................10

**STATUTES**

Texas Business & Commerce Code §17.41, et seq.…………………….....................2

Texas Civil Practice & Remedies Code §74.001, et seq..................................................2

Texas Civil Practice & Remedies Code, §74.001(10).......................................................7

Texas Civil Practice & Remedies Code, §74.001(12)(A)(ii)............................................7

Texas Civil Practice & Remedies Code §74.001(13)..............................................6, 8-10

Texas Civil Practice & Remedies Code §74.004..............................................................9

Texas Civil Practice & Remedies Code §74.051(a)..........................................................3

Texas Civil Practice & Remedies Code §74.052(a)..........................................................3

Texas Civil Practice & Remedies Code §74.351(b)...................................................1-3, 5

Texas Government Code §311.011(a)................................................................................8

**Appellant's Brief – Page viii**

_____

## IN THE COURT OF APPEALS
## FOR THE THIRD DISTRICT OF TEXAS
## AT AUSTIN, TEXAS

_____

### ACCESS ORTHODONTICS OF EAST 7TH STREET, P.A.
### Appellant

### v.

### MIRIAM JAIMES
### Appellee

_____

### On Appeal from the 126th Judicial District Court
### Of Travis County, Texas
### The Honorable Amy Clark Meachum Presiding

_____

### APPELLANT, ACCESS ORTHODONTICS OF EAST 7TH STREET, P.A.'S, BRIEF

_____


TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

Appellant, Access Orthodontics of East 7th Street, P.A., files this brief requesting that this Court reverse the Trial Court's Order Denying Defendant's Motion to Dismiss with Prejudice for Failure to File Expert Report Pursuant to Texas Civil Practice & Remedies Code §74.351(b) and would show as follows:


## STATEMENT OF THE CASE

This is an interlocutory appeal of the Trial Court's denial of Access' motion to dismiss plaintiff's claims for failure to file an expert report pursuant to Texas Civil Practice & Remedies Code §74.351(b). The Trial Court erred in determining that the

claims asserted by Jaimes were not "health care liability claims" as defined by the Texas Medical Liability Act ("TMLA"). Tex. Civ. Prac. & Rem. Code §74.001, et seq.

## ISSUE PRESENTED

The issue presented is whether the Trial Court erred in denying Access' motion to dismiss pursuant to Texas Civil Practice & Remedies Code §74.351(b).

## STATEMENT OF FACTS

Jaimes filed her original petition against Access on January 20, 2014. (C.R. 3-8) In her petition she claimed that Access had violated various provisions of the Texas Deceptive Trade Practices Act. Tex. Bus. & Com. Code §17.41, et seq. (C.R. 6). Jaimes based her claims on the allegations that "Access had offered to provide orthodontic services and goods of full braces (upper and lower), including complete services, at the cost of $4,000.00." (C.R. 5)    Jaimes went on to allege that Access presented a document to her entitled "Payment Options" that summarized and confirmed the offer of complete braces for $4,000.00 and that set up a payment schedule. (C.R. 5)  Jaimes alleged that she paid for the braces in full, but that Access had failed to set an appointment to remove the braces. (C.R. 5)  She also alleged that she scheduled an appointment with Access to have the braces removed but that Access cancelled it. (C.R. 5)  She claimed that she attempted to reschedule the appointment multiple times

but that Access repeatedly cancelled and made excuses in order to avoid removing the braces. (C.R. 5)

Jaimes alleged that she was damaged because Access failed to remove her braces. (C.R. 7) Jaimes claimed in paragraph 14 of the petition economic and mental anguish damages as a result of Access' conduct. (C.R. 7)

Access answered on February 13, 2014, alleging in a verified plea that the services that it had provided to Jaimes were health care services. (C.R. 12-15) Access went on to allege in its answer that Jaimes' claims were subject to Chapter 74 of the Texas Civil Practice & Remedies Code and that Jaimes had failed to provide Access with notice of suit as required by Texas Civil Practice & Remedies Code §74.051(a) nor did she provide Access with a medical authorization as required by Texas Civil Practice & Remedies Code §74.052(a). (C.R. 13)

On May 16, 2014 Jaimes filed her first amended petition adding an allegation that her claims were for monetary damage of more than $100,000.00 but less than $200,000.00. (C.R. 16-22) All of the claims in her original petition were repeated in the first amended petition. (C.R. 16-22) Jaimes did not serve an expert report regarding her health care liability claims.

On August 21, 2014, Access filed its motion to dismiss with prejudice for failure to provide an expert report pursuant to Texas Civil Practice & Remedies Code §74.351(b). (C.R. 23-32) The motion alleged that Jaimes' claims were health care liability claims as defined by Chapter 74. (C.R. 23-24) The motion further alleged that Jaimes had not complied with Chapter 74 because she did not serve an expert report as required by the statute. (C.R. 24) Jaimes did not file a response to the motion.

A hearing was held on the motion on December 16, 2014. (R.R. 1) Attorneys appeared for both parties and argued the motion. (R.R. 2-3) Counsel for Access testified to reasonable and necessary attorney's fees in the amount of $5,345.00. (RR 15:3-16:23) The trial court denied the motion by order dated January 21, 2015. (C.R. 41) Access filed its notice of appeal on February 4, 2015. (C.R. 45-46)

## STANDARD OF REVIEW

A trial court's denial of a motion to dismiss for failure to comply with the TMLA's expert report requirement is ordinarily reviewed for an abuse of discretion. *Jernigan v. Langley*, 195 S.W.3d 91 93 (Tex. 2006)(per curiam); *Am. Transitional Care Ctrs. v. Palacios*, 46 S.W.3d 873, 877 (Tex. 2001). However, whether a claim is a health care liability claim pursuant to section 74.351 is a question of law and is reviewed de novo. *Christus Spohn Health Sys. Corp. v. Sanchez*, 299 S.W.3d 868, 873 (Tex. App.—Corpus Christi 2009, pet. denied), citing *Valley Baptist Med. Ctr. v. Stradley*, 210 S.W.3d 770, 773 (Tex. App.—Corpus Christi 2006, pet. denied); *Mokkala v. Mead*, 178 S.W.3d 66, 70 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

## POINT OF ERROR

The trial court erred in denying Access' motion to dismiss Jaimes' claims for failure to serve an expert report as required by Texas Civil Practice & Remedies Code Chapter 74.

## SUMMARY OF THE ARGUMENT

**ISSUE**

The sole issue on appeal is whether the trial court erred by denying Access' motion to dismiss Jaimes' claims for failure to serve an expert report as required by Texas Civil Practice & Remedies Code Chapter 74.

**SUMMARY OF THE ARGUMENT**

Jaimes' claims are "health care liability claims" as defined by Chapter 74 because they specifically relate to a claimed "lack of treatment" which proximately resulted in "injury" to Ms. Jaimes. Despite artfully pleading these claims as DTPA claims, Jaimes' claims are health care liability claims as defined by Chapter 74 of the Texas Civil Practice & Remedies Code. Because Jaimes failed to serve an expert report pursuant to Section 74.351(b) her lawsuit must be dismissed with prejudice and attorney's fees should be awarded against her.

## ARGUMENTS AND AUTHORITIES

A plaintiff in a "health care liability claim" must serve an expert report in a timely fashion or have its lawsuit dismissed with prejudice. Texas Civil Practice & Remedies Code §74.351(b) states that if an expert report is not provided as required by the Act, the court "shall" enter an order that (1) awards reasonable attorney's fees and costs of court incurred by the physician or health care provider; and (2) dismisses the claim with prejudice to its refiling. As stated above, it is undisputed that Jaimes did not serve an expert report in the trial court. The question then becomes whether her claim is a "health care liability claim" as defined by the statute.

**Jaimes' Claim is a Health Care Liability Claim**

Whether a claim is a health care liability claim depends on the underlying nature of the claim being made. *Garland Cmty. Hosp. v. Rose*, 156 S.W.3d 541, 543 (Tex. 2004). In determining a claim's underlying nature, we consider the duties allegedly breached as well as the allegedly wrongful conduct, looking to the factual allegations to determine the gravamen of the complaint and not being bound by the form of the pleading or how complaints are labeled. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 851 (Tex. 2005). If the act or omission alleged in the complaint is an inseparable part of the rendition of health care services, then the claim is a health care liability claim. *Diversicare*, 185 S.W.3d at 848; *Walden v. Jeffery*, 907 S.W.2d 446, 448 (Tex. 1995). The Texas Supreme Court has repeatedly held that plaintiffs cannot, through artful pleading, avoid the strictures of Chapter 74 by recasting health care liability claims as other causes of action. *Sci. Image Ctr. Mgmt. v. Brewer*, 282 S.W.3d 233, 237-38 (Tex. App.—Dallas 2009, pet. denied).

Section 74.001(13) of the statute defines "Health care liability claim" as a "cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in contract or tort." A claim is a health care liability claim governed by chapter 74 if it alleges a breach of accepted standards of health care or if

the claim is inseparable from the rendition of health care. *Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 664 (Tex. 2010).

The Texas Supreme Court has held that there are three elements in a health care liability claim: (1) A physician or health care provider must be a defendant; (2) The suit must be about the patient's treatment, lack of treatment or some other departure from accepted standards of medical care or health care or safety; and (3) the defendant's act, omission or other departure must proximately cause the patient's injury or death. *Marks*, 319 S.W.3d at 662. As explained in the following paragraphs, Jaimes' claim satisfies all three elements and is, therefore, a "health care liability claim."

### Access is a "Health Care Provider"

Access is a "health care provider" as defined by the TMLA. The term "Health care provider" includes "professional association" and "dentist". Texas Civil Practice & Remedies Code, §74.001(12)(A)(ii). Additionally, the term "health care" means "any act or treatment performed or furnished, or that should have been performed or furnished, by any health care provider for, to or on behalf of a patient during the patient's medical care, treatment or confinement. Tex. Civ. Prac. & Rem. Code §74.001(10).

Access fits the definition of "health care provider" because it is a professional association that provides dental services as alleged by Jaimes in her petition. (C.R. 17-18) Additionally, Jaimes' claim is for an act or treatment "that should have been performed" – the removal of her braces. (C.R. 19) Therefore, it is clear that Jaimes' claim is for "health care." The first element of "health care liability claim" is satisfied.

**Jaimes' Claim is for a "Lack of Treatment"**

The first amended petition itself makes it clear that the complaint is about a "lack of treatment" or an "act or treatment that should have been performed" – the failure to remove the braces. (C.R. 5)

When construing a statute, words and phrases are read in context and construed according to the rules of grammar and common usage. Tex. Gov't Code §311.011(a). Words that are not defined are given their ordinary meaning unless a contrary intention is apparent from the context, or unless such a construction leads to absurd results. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625-26 (Tex. 2008). When possible, the Legislature's intent is drawn from the plain meaning of the words chosen, giving effect to all words so that none of the statute's language is treated as surplusage. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006); *Cont'l Cas. Ins. Co. v. Functional Restoration Assocs.*, 19 S.W.3d 393, 402 (Tex. 2000).

As stated above, Section 74.001(13) defines a "Health care liability claim" as a "cause of action against a health care provider or physician for treatment, *lack of treatment*, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in contract or tort." (emphasis added) Ms. Jaimes' sole complaint is that her braces were not removed – a *lack of treatment*.

The Texas Supreme Court has previously held that claims arising from alleged misrepresentations related to dental work amount to a health care liability claim. *Walden*

*v. Jeffery*, 907 S.W.2d 446 (Tex. 1995). In *Walden*, the plaintiff sued her dentist for failing to provide her dentures that fit, as he had promised. *Walden*, 907 S.W.2d at 447. The plaintiff made claims under the DTPA, breach of warranty and breach of contract. Id. The Supreme Court held that the dentist's providing of the dentures was an inseparable part of his rendition of health care services and that therefore the plaintiff's claims were health care liability claims. *Walden*, 907 S.W.2d at 448. Similarly, the providing and removal of braces was an inseparable part of the rendition of health care services provided by Access to Jaimes. Therefore, the claim for failure to remove the braces was a health care liability claim.

The Act also specifically states that the DTPA does not apply to health care liability claims. Section 74.004 states, "Notwithstanding any other law, Sections 17.41-17.63, Business & Commerce Code, do not apply to physicians or health care providers with respect to claims for damages for personal injury or death resulting, or alleged to have resulted, from negligence on the part of any physician or health care provider." Although Jaimes attempts to avoid the TMLA by avoiding the use of the term "negligent" or "negligence" that is the nature of her claim and the statute specifically excepts such claims from the DTPA.

It is also important to note here the last phrase of the definition of "health care liability claim" which states, "whether the claimant's claim or cause of action sounds in tort or contract." Tex. Civ. Prac. & Rem. Code §74.001(13). Jaimes' claim is essentially a breach of contract claim. She alleges that she entered into an agreement for the provision of full braces for a set price, that she performed by paying and that Access breached the agreement by failing to take off the braces. A simple breach of contract

claim does not give rise to liability under the DTPA. *Crawford v. Ace Sign, Inc.*, 917 S.W.2d 12, 14-15 (Tex. 1996).

Because Ms. Jaimes' claim fits the plain language of the definition of "health care liability claim" the second element is satisfied.


**Jaimes Claims an "Injury"**

The third element of a "health care liability claim" is that the alleged action of the defendant "proximately results in injury or death of a claimant." Tex. Civ. Prac. & Rem. Code §74.001(13). This element is satisfied because Jaimes claims that Access' conduct proximately caused an injury – mental anguish.

The statute does not define the word "injury." But, as stated above, in interpreting statutes, when an undefined term is used its usual and customary meaning is assigned. Texas courts have long used the term "injury" to describe purely mental injury. *Moore v. Lillebo*, 722 S.W.2d 683, 685 (Tex. 1986); *Coates v. Whittington*, 758 S.W.2d 749, 751-52 (Tex. 1988); *St. Elizabeth Hosp. v. Garrard*, 730 S.W.2d 649, 652-53 (Tex. 1987); *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 44 (Tex. 1995); *GTE Southwest v. Bruce*, 998 S.W.2d 605, 611 (Tex. 1999); *Washam v. Hughes*, 638 S.W.2d 646, 648 (Tex. App.—Austin 1982, writ ref'd n.r.e.).

The Corpus Christi Court of Appeals has held that a DTPA claim for an economic injury accompanied by mental anguish was sufficient to satisfy the requirement of an "injury" to qualify as a health care liability claim. *McAllen*

*Hospitals, L.P. v. Gomez*, No. 13-12-00421-CV, 2013 Tex. App. LEXIS 1990 (Tex. App.—Corpus Christi 2013). In the *McAllen Hospitals* case, Gomez claimed that the hospital overcharged him for services, that was unconscionable under the DTPA and it caused him to suffer mental anguish. *McAllen* p. 8. The court held that a claim for mental anguish damages satisfied the "injury" requirement and cited the *Kumets* case decided by this court. *McAllen*, p. 9, citing *PM Management-Trinity NC, LLC v. Kumets*, 368 S.W.3d 711, 720 (Tex. App.—Austin 2012) affirmed in part, reversed in part on other grounds, *PM Management-Trinity NC, LLC v. Kumets*, 404 S.W.2d 550 (Tex. 2013).

In *Kumets*, this court considered whether a retaliation claim qualified as a health care liability claim. In deciding that it did not, the court stated, "in the context of a medical negligence claim, and particularly the language of section 74.351(a) of the TMLA ("injury to or death of a claimant"), the term "injury" would seem to carry with it the implication that the alleged deviation from an accepted standard of care must cause the plaintiff to suffer some personal injury, whether physical, mental, or emotional." *Kumets*, 368 S.W.3d at 720[1].

Because Jaimes' claim for mental anguish qualifies as an "injury" under the TMLA, the third element of the analysis is met and Jaimes' claim is a "health care

---

[1] See also *Inst. for Women's Health, P.L.L.C. v. Imad*, 2006 Tex. App. LEXIS 1182 (Tex. App.—San Antonio 2006, no writ) in which the San Antonio court of appeals held that a couple's claim for mental anguish, loss of companionship and society and medical bills because of the defendant's destruction of several embryos was a health care liability claim. The court cited *Martin v. Texas Dental Plans, Inc.*, 948 S.W.2d 799, 805 (Tex. App.—San Antonio 1997, writ denied) for the proposition that "mental anguish is a compensable injury."

liability claim" as defined by the TMLA. Therefore, the trial court was in error to deny Access' motion to dismiss.

## CONCLUSION

The Trial Court erred when it denied the motion to dismiss. Therefore, this court should reverse the court of appeals and render judgment that the case is dismissed with prejudice to its refiling and that Access is awarded attorneys fees in the amount of $5,345.00.

## PRAYER

**FOR THE FOREGOING REASONS**, Appellant prays that this Court reverse the trial court's order denying the motion to dismiss, and render judgment that Appellee's claims are dismissed with prejudice and order her to pay attorney's fees in the amount of $5,345.00.

Respectfully submitted,

**LAW OFFICES OF HANNA & ANDERTON**

By:_____
      Robert M. Anderton
      State Bar No. 00795223
      Mark J. Hanna
      State Bar No. 08919500
      900 Congress Avenue, Suite 250
      Austin, Texas 78701
      Telephone: (512) 477-6200
      Facsimile: (512) 477-1188
      Email: mhanna@markjhanna.com

Jon M. Smith
State Bar No. 18630750
3305 Northland Drive
Suite 500
Austin, Texas 78731
Telephone: (512) 371-1006
Facsimile: (512) 476-6685
Email: jon@jonmichaelsmith.com

**_ATTORNEYS FOR APPELLANT_**

## CERTIFICATE OF COMPLIANCE

I, Jon Michael Smith, do hereby certify that the Appellant's Brief contains 2,848 words, according to the word count of the computer program used to prepare it, in compliance with Texas Rule of Appellate Procedure 9.4(i)(3).

    /s/ Jon Smith
_____
Jon Michael Smith

## <u>CERTIFICATE OF SERVICE</u>

I, Jon Michael Smith, do hereby certify that a true and correct copy of APPELLANT'S BRIEF was delivered to all attorneys of record as listed below via fax on March 4, 2015.

J. Lynn Watson
The J.L. Watson Law Firm, P.C.
State Bar No. 20761510
9442 N. Capital of Texas Hwy.
Plaza 1, Suite 500
Austin, Texas 78759
*(512) 582-2953*


_____
ROBERT M. ANDERTON

# -APPENDIX 1-

CAUSE NO. D-1-GN-14-000189

| | | |
|---|---|---|
| MIRIAM JAIMES | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | OF TRAVIS COUNTY, TEXAS |
| ACCESS ORTHODONTICS OF | § | |
| EAST 7TH STREET, P.A. | § | |
| | § | |
| Defendant | § | 126TH JUDICIAL DISTRICT |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO PROVIDE EXPERT REPORT PURSUANT TO TEXAS CIVIL PRACTICE & REMEDIES CODE § 74.351(B)

On this 16th day of December, 2014, this Court considered Defendant's Motion to Dismiss with Prejudice for Failure to Provide Expert Report Pursuant to Texas Civil Practice & Remedies Code §74.351(b), and after considering the pleadings of the parties and argument of counsel, the Court is of the opinion that Defendant's Motion to Dismiss with Prejudice for Failure to Provide Expert Report Pursuant to Texas Civil Practice & Remedies Code §74.351(b) should be, in all things, DENIED.

IT IS, THEREFORE ORDERED, ADJUDGED and DECREED that Defendant's Motion to Dismiss with Prejudice for Failure to Provide Expert Report Pursuant to Texas Civil Practice & Remedies Code §74.351(b) is hereby DENIED.

Signed on this 21st day of January, 2015.

_____
JUDGE PRESIDING

**AGREED AS TO FORM:**

---

Robert M. Anderton
LAW OFFICES OF HANNA & ANDERTON
Attorneys for Defendant,
Access Orthodontics of East 7th Street, P.A.

*Cause No. D-1-GN-14-000189; Miriam Jaimes vs. Access Orthodontics of East 7th Street, P.A.*
*In the 126th Judicial District Court; Travis County, Texas;*
*Order Denying Defendant's Motion to Dismiss with Prejudice*
*for Failure to Provide Expert Report Pursuant to Texas Civil Practice & Remedies Code §74.351(b)*          *Page 2 of 2*

TOTAL P.03

# –APPENDIX 2–

<u>Vernon's Texas Statutes and Codes Annotated</u>
<u>Civil Practice and Remedies Code (Refs & Annos)</u>
<u>Title 4. Liability in Tort</u>
<u>Chapter 74. Medical Liability (Refs & Annos)</u>
<u>Subchapter H. Procedural Provisions (Refs & Annos)</u>

V.T.C.A., Civil Practice & Remedies Code § 74.351

§ 74.351. Expert Report

Effective: September 1, 2013
<u>Currentness</u>

(a) In a health care liability claim, a claimant shall, not later than the 120th day after the date each defendant's original answer is filed, serve on that party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted. The date for serving the report may be extended by written agreement of the affected parties. Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the later of the 21st day after the date the report is served or the 21st day after the date the defendant's answer is filed, failing which all objections are waived.

(b) If, as to a defendant physician or health care provider, an expert report has not been served within the period specified by Subsection (a), the court, on the motion of the affected physician or health care provider, shall, subject to Subsection (c), enter an order that:

(1) awards to the affected physician or health care provider reasonable attorney's fees and costs of court incurred by the physician or health care provider; and

(2) dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim.

(c) If an expert report has not been served within the period specified by Subsection (a) because elements of the report are found deficient, the court may grant one 30-day extension to the claimant in order to cure the deficiency. If the claimant does not receive notice of the court's ruling granting

the extension until after the 120-day deadline has passed, then the 30-day extension shall run from the date the plaintiff first received the notice.

(d) to (h) [Subsections (d)-(h) reserved]

(i) Notwithstanding any other provision of this section, a claimant may satisfy any requirement of this section for serving an expert report by serving reports of separate experts regarding different physicians or health care providers or regarding different issues arising from the conduct of a physician or health care provider, such as issues of liability and causation. Nothing in this section shall be construed to mean that a single expert must address all liability and causation issues with respect to all physicians or health care providers or with respect to both liability and causation issues for a physician or health care provider.

(j) Nothing in this section shall be construed to require the serving of an expert report regarding any issue other than an issue relating to liability or causation.

(k) Subject to Subsection (t), an expert report served under this section:

(1) is not admissible in evidence by any party;

(2) shall not be used in a deposition, trial, or other proceeding; and

(3) shall not be referred to by any party during the course of the action for any purpose.

(l) A court shall grant a motion challenging the adequacy of an expert report only if it appears to the court, after hearing, that the report does not represent an objective good faith effort to comply with the definition of an expert report in Subsection (r)(6).

(m) to (q) [Subsections (m)-(q) reserved]

(r) In this section:

(1) "Affected parties" means the claimant and the physician or health care provider who are directly affected by an act or agreement required or permitted by this section and does not include other parties to an action who are not directly affected by that particular act or agreement.

(2) "Claim" means a health care liability claim.

(3) [reserved]

(4) "Defendant" means a physician or health care provider against whom a health care liability claim is asserted. The term includes a third-party defendant, cross-defendant, or counterdefendant.

(5) "Expert" means:

(A) with respect to a person giving opinion testimony regarding whether a physician departed from accepted standards of medical care, an expert qualified to testify under the requirements of Section 74.401;

(B) with respect to a person giving opinion testimony regarding whether a health care provider departed from accepted standards of health care, an expert qualified to testify under the requirements of Section 74.402;

(C) with respect to a person giving opinion testimony about the causal relationship between the injury, harm, or damages claimed and the alleged departure from the applicable standard of care in any health care liability claim, a physician who is otherwise qualified to render opinions on such causal relationship under the Texas Rules of Evidence;

(D) with respect to a person giving opinion testimony about the causal relationship between the injury, harm, or damages claimed and the alleged departure from the applicable standard of care for a dentist, a dentist or physician who is otherwise qualified to render opinions on such causal relationship under the Texas Rules of Evidence; or

(E) with respect to a person giving opinion testimony about the causal relationship between the injury, harm, or damages claimed and the alleged departure from the applicable standard of care for a podiatrist, a podiatrist or physician who is otherwise qualified to render opinions on such causal relationship under the Texas Rules of Evidence.

(6) "Expert report" means a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed.

(s) Until a claimant has served the expert report and curriculum vitae as required by Subsection (a), all discovery in a health care liability claim is stayed except for the acquisition by the claimant of information, including medical or hospital records or other documents or tangible things, related to the patient's health care through:

(1) written discovery as defined in Rule 192.7, Texas Rules of Civil Procedure;

(2) depositions on written questions under Rule 200, Texas Rules of Civil Procedure; and

(3) discovery from nonparties under Rule 205, Texas Rules of Civil Procedure.

(t) If an expert report is used by the claimant in the course of the action for any purpose other than to meet the service requirement of Subsection (a), the restrictions imposed by Subsection (k) on use of the expert report by any party are waived.

(u) Notwithstanding any other provision of this section, after a claim is filed all claimants, collectively, may take not more than two depositions before the expert report is served as required by Subsection (a).

**Credits**
Added by Acts 2003, 78th Leg., ch. 204, § 10.01, eff. Sept. 1, 2003. Amended by Acts 2005, 79th Leg., ch. 635, § 1, eff. Sept. 1, 2005; Acts 2013, 83rd Leg., ch. 870 (H.B. 658), § 2, eff. Sept. 1, 2013.

Notes of Decisions (1866)

V. T. C. A., Civil Practice & Remedies Code § 74.351, TX CIV PRAC & REM § 74.351
Current through the end of the 2013 Third Called Session of the 83rd Legislature

End of Document

© 2014 Thomson Reuters. No claim to original U.S. Government Works.